**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

TIMOTHY TIMMONS,

    Plaintiff,

v.

OFFICER REID; OFFICER SANDERS;
and HOMER BRYSON,

    Defendants.

CIVIL ACTION NO.: 6:16-cv-58

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Ware State Prison in Waycross, Georgia, submitted a Complaint in the above-captioned action pursuant to 42 U.S.C. § 1983 to contest certain conditions of his confinement while housed at Rogers State Prison in Reidsville, Georgia. (Doc. 1.) For the reasons stated below, I **RECOMMEND** that the Court **DISMISS** Plaintiff's official capacity claims for monetary damages, his claims against Defendant Bryson, and his claims for preliminary and permanent injunctive relief. Additionally, the Court **DENIES** Plaintiff's Motion to Compel. (Doc. 3.) However, Plaintiff's allegations, when accepted as true and construed in his favor, arguably state colorable claims for relief against Defendants Reid and Sanders. Accordingly, the Court **DIRECTS** the United States Marshal to serve a copy of this Order and Plaintiff's Complaint upon Defendants Reid and Sanders without prepayment of cost.

# BACKGROUND[1]

Plaintiff filed this action on May 24, 2016, regarding events that occurred on May 6, 2015. (Doc. 1.)[2] On that date, Defendants Reid and Sanders transferred Plaintiff to the Tattnall County Jail to be charged with an assault on a corrections officer. (Id. at p. 6.) Plaintiff attempted to step into the transport van unassisted by the officers. Id. However, the milk crate that he used as a step to get into the van gave way, and Plaintiff fell backwards onto the ground on his left side. Id. Plaintiff then asked Reid and Sanders to assist him as he laid on the ground in "tears, agony, and in excruciating pain." Id. Plaintiff also asked these Defendants to call an ambulance or take him to a hospital. Id. However, Reid and Sanders first refused to assist Plaintiff, ordered him to get into the transport van, and then "yanked [Plaintiff] up aggressively" and forced him into the van. Id.

Defendants Reid and Sanders then transferred Plaintiff to the Tattnall County Magistrate Court. Plaintiff states that he asked for medical attention throughout the trip to the courthouse, but Reid and Sanders told him to "shut up" and that he "wasn't getting any." Id. at p. 7. Plaintiff was required to walk to the hearing room and stand during the hearing, which caused him great pain. Id. After the hearing in Tattnall County Magistrate Court, Reid and Sanders transferred Plaintiff back to Rogers State Prison. Id. Plaintiff states that at the Prison, Reid and Sanders

---

[1] The Court draws the following facts from Plaintiff's Complaint and accepts them as true, as it must at this stage.

[2] In his Complaint, Plaintiff acknowledges he filed a Complaint in this Court dealing with the same facts he alleges in this action. See Compl., Timmons v. Bryson, et al., 6:16-cv-19 (S.D. Ga. Feb. 19, 2016) ECF No. 1 (hereinafter referred to as "Timmons I"). In Timmons I, Plaintiff complained about officers' use of force against him on April 24, 2015, and a related disciplinary hearing on May 1, 2015. Id. He also raised claims regarding injuries he received on May 6, 2015, and the defendants' failure to provide medical care for those injuries. Id. at p. 11. At frivolity review, I determined that the claims pertaining to May 6, 2015, were unrelated to Plaintiff's claims regarding events occurring on April 24, 2015, and May 1, 2015. R. & R., Timmons v. Bryson, et. al., 6:16-cv-19 (S.D. Ga. Feb. 19, 2016) ECF No. 7, pp. 11–12 (adopted by Order, Timmons v. Bryson, et. al., 6:16-cv-19 (S.D. Ga. Aug. 1, 2016) ECF No. 23). I directed Plaintiff that, should he seek to pursue those claims, he must do so through a separate action. Id. This lawsuit followed that Report and Recommendation.

forced him to walk a long distance and up two flights of stairs while handcuffed, which caused him great pain. He states that, while he had to pass medical to get to his unit, Reid and Sanders refused to take him to the medical unit and that they laughed at him and threatened him. Id. Plaintiff states that he later learned that he suffered a herniated disc as well as pinched nerves from the fall.

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without

arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). The requisite review of Plaintiff's Complaint raises several doctrines of law, which the Court discusses as follows.

# DISCUSSION

## I. Dismissal of Claims for Monetary Damages Against Defendants in Their Official Capacities

Plaintiff attempts to sue Defendants in their individual and official capacities. However, Plaintiff cannot sustain a Section 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71. Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities as officers at a state penal institution. Accordingly, the Eleventh Amendment immunizes these actors from suit for monetary damages in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages against Defendants in their official capacities. Therefore, the Court should **DISMISS** his Section 1983 claims for monetary relief against Defendants in their official capacities..

## II. Supervisory Liability Claims against Defendant Homer Bryson

Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior. Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged

violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

It appears Plaintiff wishes to hold Defendant Bryson liable based solely on his supervisory position as the Commissioner of the Georgia Department of Corrections. Plaintiff does not make any factual allegations that Defendant Bryson directly participated in or was otherwise causally connected to the alleged deprivations of his constitutional rights. Plaintiff's statement of claim does not even mention Defendant Bryson. Accordingly, the Court should **DISMISS** Plaintiff's claims against Defendant Bryson.

### III. Claims for Injunctive Relief

In his Complaint, Plaintiff requests that this Court issue preliminary and permanent injunctions and that the Court immediately arrange for Plaintiff to be seen by an orthopedist. (Doc. 1, p. 9.) However, Plaintiff's injunctive relief claims against Defendants Reid and Sanders are now moot because Plaintiff is no longer housed at Rogers State Prison. Rather, Plaintiff is housed at Ware State Prison, a facility where Defendants do not work. As such, Defendants do not have any involvement in Plaintiff's current confinement, much less decision-making authority over what medical care he receives.[3] An inmate's claim for injunctive relief against a prison official is subject to dismissal for mootness when the prisoner is transferred to another

---

[3] Further, Plaintiff's Complaint does not state that he has not received medical care since the date of the incident. To the contrary, he indicates that he received an MRI sometime after the incident.

6

prison and is no longer under the control of the prison officials against whom injunctive relief is sought. Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988) (per curiam); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) ("Absent class certification, an inmate's claim for injunctive relief and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."). Thus, the Court should **DISMISS AS MOOT** Plaintiff's claims for preliminary and permanent injunctive relief against Defendants.

**IV.     Eighth Amendment Claims against Reid and Sanders**

    **A.     Cruel and Unusual Punishment**

The cruel and unusual punishment standard of the Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Generally speaking, however, prison conditions rise to the level of an Eighth Amendment violation only when they "involve the wanton and unnecessary infliction of pain[.]" Rhodes v. Chapman, 452 U.S. 337, 346 (1981). The Eleventh Circuit has held that "verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008).

Here, Plaintiff alleges more than mere verbal abuse by Defendants Reid and Sanders on May 6, 2015. He contends that, on that date, these Defendants refused to assist him though he was in visible pain and agony and lying on the ground. He further contends that the Defendants "yanked" him off the ground by his handcuffs, forced him to stand and walk long distances, and taunted him when he asked for assistance. Accordingly, Plaintiff's claim that Defendants Reid and Sanders violated the Eighth Amendment by subjecting him to cruel and unusual punishment and wantonly inflicting unnecessary pain will proceed.

### B. Deliberate Indifference

In the medical care context, the standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer, 511 U.S. at 828. However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, Plaintiff must overcome three obstacles. He must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

"The meaning of 'more than gross negligence' is not self-evident[.]" Id. In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Cty. Det. Ctr. Staff, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504). "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

Here, Plaintiff has alleges that Defendants Reid and Sanders were deliberately indifferent to Plaintiff's medical needs arising from his fall when trying to get into the van. Plaintiff has alleged that he fell hard on the concrete, and that he was then writhing in pain, crying, and calling out for medical care. He contends that he continued to experience excruciating pain that caused him to cry and ask for medical care during his trip to the courthouse and on the way back to the prison. Taking these facts as true, a lay person would recognize the need for Plaintiff to receive medical treatment. According to Plaintiff, Defendants knew of his medical needs because he communicated those needs directly to them, but they refused to provide Plaintiff access to medical care. It is not the Court's role to judge the credibility of these allegations at this stage. Rather, the Court must accept these allegations as true. Doing so, the Court finds that Plaintiff has stated a plausible claim that Defendants Reid and Sanders failed to provide Plaintiff medical care.

### V.    Motion to Compel

Plaintiff filed a Motion to Compel in which he seeks an Order from the Court compelling Defendants to produce certain documents. (Doc. 3.) Plaintiff's Motion is entirely premature and misplaced. As explained below in detail, Plaintiff must seek to pursue discovery directly from Defendants before coming to this Court for assistance. Pursuant to Federal Rule of Civil Procedure 5(d)(1), parties shall not file discovery materials with the Court, including Requests for Production of Documents issued pursuant to Federal Rule of Civil Procedure 34, unless and until the party uses the discovery materials in the proceeding or the Court orders the parties to file the materials. Moreover, to the extent that Plaintiff is dissatisfied with Defendants' discovery responses, the Federal Rules of Civil Procedure and this Court's Local Rules mandate that Plaintiff attempt to resolve that dispute with Defendants (or Defendants' counsel) before coming to the Court for assistance. When filing a motion to compel, the party must certify that he has in good faith conferred or attempted to confer with the person or party that allegedly failed to make the disclosure in an effort to obtain a response without Court action. Fed. R. Civ. P. 37(a)(1). Plaintiff's Motion includes no indication that he even sought this information from Defendants before coming to the Court. Moreover, Plaintiff filed this Motion even though Defendants have not even been served with the Complaint. The earliest a party may serve another with requests for production is twenty-one days after the summons and complaint are served on a party. Fed. R. Civ. P. 26(d)(2). The Court advises Plaintiff to closely read the section below entitled "INSTRUCTIONS TO PLAINTIFF." Should Plaintiff disregard that Section and file another premature discovery motion, the Court will sanction him. Those sanctions could include monetary penalties and/or the dismissal of Plaintiff's claims.

**CONCLUSION**

For the reasons stated above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's official capacity claims for monetary damages, his claims against Defendant Bryson, and his claims for preliminary and permanent injunctive relief. Additionally, the Court **DENIES** Plaintiff's Motion to Compel. However, Plaintiff's allegations, when accepted as true and construed in his favor, arguably state colorable claims for relief against Defendants Reid and Sanders. Accordingly, a copy of this Order and Plaintiff's Complaint shall be served upon Defendants Reid and Sanders by the United States Marshal without prepayment of cost.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the

direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

## REMAINING CLAIMS AND DEFENDANTS

When read in the light most favorable to him, Plaintiff's allegations arguably state colorable claims for relief against Defendants Reid and Sanders for violating his Eighth Amendment rights. Consequently, a copy of this Order and Plaintiff's Complaint shall be served upon those Defendants by the United States Marshal without prepayment of costs. The Court also provides the following instructions to the parties regarding the remaining claims and Defendants that will apply to the remainder of this action and which the Court urges the parties to read and follow.

## INSTRUCTIONS TO DEFENDANTS

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs that service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. Fed. R. Civ. P. 30(a). Defendants are

further advised that the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local Rule 26.1. Defendants shall ensure that all discovery, including the Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness seriatim during the deposition. Fed. R. Civ. P. 30(c).

### **INSTRUCTIONS TO PLAINTIFF**

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally, Fed. R. Civ. P. 26, *et seq*. The discovery period in this case will expire 140 days after the filing of the last answer. Local Rule 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Local Rule 26.1. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local Rule 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a party to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not named as Defendants. Interrogatories are not to contain more than twenty-five (25) questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c); 37(a)(2)(A); Local Rule 26.7.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly**

14

**from the Clerk of Court and is advised that the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Local Rule 41.1.

It is Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendants'

motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavits, Plaintiff must file counter-affidavits if he desires to contest the Defendants' statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment may be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA